[Cite as *Walther v. Lane*, 2026-Ohio-2496.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Phillip M. Walther, Trustee of the
Phillip M. Walther Trust,                          :

                                                   :

              Plaintiff-Appellee,                  :           No. 25AP-174
                                                               (C.P.C. No. 23CV-4759)
                                                   :
v.
                                                   :       (REGULAR CALENDAR)
Judith Lane,
                                                   :
              Defendant-Appellant.                 :

                                                   :

---

D E C I S I O N

Rendered on June 30, 2026

---

**On brief:** *Cassidy Law*, *LTD*., *Shamus B. Cassidy*, and *Tom Shafirstein*, for appellee. **Argued:** *Tom Shafirstein.*

**On brief:** *O'Reilly Law Offices*, *Michael J. O'Reilly*, and *Rosemary E. Rupert*, for appellant. **Argued:** *Michael J. O'Reilly.*

---

APPEAL from the Franklin County Court of Common Pleas

DINGUS, J.

{¶ 1} Defendant-appellant, Judith Lane, appeals from a judgment of the Franklin County Court of Common Pleas denying Lane's motion to amend or withdraw the deemed admissions pursuant to Civ.R. 36(B) and motion to vacate judgment pursuant to Civ.R. 60(B). For the following reasons, we reverse and remand.

## I. Facts and Procedural History

{¶ 2} On March 7, 2023, plaintiff-appellee, Phillip M. Walther, as trustee of the Phillip M. Walther Trust, filed a forcible entry and detainer action under R.C. Chapter 1923 against Lane, in the Franklin County Municipal Court, relating to 925 Colony Way,

Columbus, Franklin County, Ohio ("the Property"). On April 18, 2023, Lane filed an answer and counterclaim, alleging claims for breach of contract, unjust enrichment, conversion, promissory estoppel, and to quiet title. Because the jurisdictional limit of the municipal court was exceeded, the matter was transferred to the Franklin County Court of Common Pleas. In August 2023, the proceedings were stayed pending settlement negotiations. On October 29, 2023, Lane's counsel of record, attorney Adam Karl, moved to withdraw, and Walther moved for reactivation of the proceedings because settlement negotiations were unsuccessful. The next day, Walther filed an answer to Lane's counterclaim. Also on October 30, 2023, Walther's counsel emailed attorney Karl to confirm that Lane's last known address was the Property, and to confirm Lane's email and telephone information. The same day, attorney Karl emailed back to confirm that this was the correct contact information. On November 29, 2023, the trial court ordered the reactivation of the proceedings and granted attorney Karl's motion to withdraw as counsel of record for Lane. Five days after the trial court granted the withdrawal of Lane's counsel, Walther's counsel emailed Lane requests for admissions and informed her that a "hard copy" was also being mailed to her. (Pl.'s Mot. for Summ. Jgmt., Ex. F.) Lane, then unrepresented by counsel, did not respond to the requests for admissions.

{¶ 3} In February 2024, Walther filed a motion for summary judgment based on Lane's nonresponse to his requests for admissions. On March 8, 2024, attorney Michael J. O'Reilly filed a notice of appearance of counsel for Lane and a motion to extend the time to respond to Walther's summary judgment motion. On April 1, 2024, the trial court granted Lane's motion for an extension of time to respond to Walther's summary judgment motion, allowing her to file her memorandum contra by April 5, 2024. She did not, however, file a timely memorandum contra.

{¶ 4} On May 3, 2024, the trial court filed a decision and entry granting Walther's summary judgment motion. Because Lane failed to respond to the requests for admissions, the trial court deemed them as admitted. And based on the admissions, the trial court concluded that Lane was "an occupier of the Property, without color of title, who has defaulted on an oral contract for tenancy," and that because Walther "has sole right of possession of the Property," forcible entry and detainer is proper under R.C. 1923.02(A)(5) and (B). (May 3, 2024 Decision & Entry Granting Mot. for Summ. Jgmt. at 6.)

{¶ 5}   On June 7, 2024, Lane filed a motion under Civ.R. 36(B) to amend or withdraw the deemed admissions and a motion under Civ.R. 60(B) to vacate the trial court's judgment.  In support, Lane attached various documents relating to the revocable trust of Walther established on January 1, 2002, including a purported addendum to that trust, dated September 15, 2011, identifying Lane as the "[b]eneficial owner" of the Property. (June 7, 2024 Mot., Ex. H.) On January 29, 2025, the trial court expressly denied Lane's motion to vacate judgment.  Because Lane's Civ.R. 36(B) motion was connected to her request for the trial court to vacate the judgment, we presume that it also implicitly denied that motion. *Robol v. Columbus*, 2025-Ohio-973, ¶ 69 (10th Dist.).

{¶ 6}   Lane timely appeals.

## II.  Assignments of Error

{¶ 7}   Lane assigns the following two assignments of error for our review:

> [I.] The trial court abused its discretion in denying Defendant-Appellant's Motion to Amend or Withdraw the Deemed Admissions under Civil Rule 36(B), despite timely filing and presentation of operative facts demonstrating excusable neglect and potential fraud.

> [II.] The trial court abused its discretion in denying Defendant-Appellant's Motion for relief from judgment under Civil Rule 60(B), when a showing was made that the actual facts admitted to in pleadings were not as presented by the opposing party using deemed admissions.

## III.  Discussion

{¶ 8}   Because they involve interrelated issues, we address together Lane's first and second assignments of error.[1]  Her first assignment of error contends the trial court erred in denying her motion to amend or withdraw the deemed admissions under Civ.R. 36(B).  In her second assignment of error, Lane argues the trial court erred in denying her motion for relief from judgment under Civ.R. 60(B).  We find that Lane's assignments of error have merit.

---

[1] Two days after this court held oral arguments, Walther filed a notice of supplemental authority relating to issues that this court raised at arguments, namely, whether the statute of frauds applied and whether the proper plaintiff was named. Lane filed a motion to strike the notice of supplemental authority on the basis that the notice is actually an additional brief filed without leave of court pursuant to App.R. 16(C). We deny the motion to strike, but we note that the supplemental filing is inconsequential because, although these issues were raised as possible concerns, they ultimately are not pertinent to the dispositive issues in this appeal.

{¶ 9}   Civ.R. 60(B) states:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise or excusable neglect;
>
> (2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
>
> (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
>
> (4) The judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (5) Any other reason justifying relief from the judgment.

{¶ 10}  To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must satisfy a three-prong test.  The movant must demonstrate (1) it has a meritorious defense or claim to present if relief is granted, (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time and, when relying on a ground for relief set forth in Civ.R. 60(B)(1), (2), or (3), it filed the motion not more than one year after the judgment, order, or proceeding was entered or taken.  *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.  There will be no relief if the movant fails to satisfy any one of the prongs of the *GTE* test.  *Strack v. Pelton*, 1994-Ohio-107, ¶ 10.

{¶ 11}  In conjunction with Lane moving for the trial court to vacate its judgment entered in favor of Walther, she moved to amend or withdraw the deemed admissions that formed the basis for that judgment.  Civ.R. 36 permits a party to serve requests for admissions on another party.  The matter in the request is admitted unless, within the period designated in the request, the responding party answers or objects to the request.  Civ.R. 36(A)(1).  "Any matter admitted under Civ.R. 36 is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67 (1985), citing Civ.R. 36(B).

{¶ **12**}  Pursuant to Civ.R. 36(B), a "court may permit withdrawal or amendment [of an admission] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits." "The first part of this test is met when upholding the admission would result in the inadvertent or negligent admission of key disputed issues and, thus, practically eliminate any presentation of the case on its merits." *BBI Logistics, L.L.C. v. GRS Transport, Inc.*, 2026-Ohio-1146, ¶ 19 (10th Dist.), citing *Lakeview Loan Servicing, L.L.C. v. Amborski*, 2016-Ohio-2978, ¶ 17 (6th Dist.), and *Kutscherousky v. Integrated Communications Solutions, L.L.C.*, 2005-Ohio-4275, ¶ 19 (5th Dist.). "The second part of the test requires consideration of the difficulty confronting a party who must suddenly obtain evidence to prove a matter that the opposing party had previously admitted." *Id.*, citing *Commonwealth Cas. Ins. Co. v. Small*, 2025-Ohio-184, ¶ 17, fn. 1 (10th Dist.).

{¶ **13**}  Civ.R. 36(B) does not require a written motion, "nor does it specify when such motion must be filed." *State ex rel. Mauk v. Sheldon*, 2025-Ohio-1221, ¶ 13, citing *Balson v. Dodds*, 62 Ohio St.2d 287, 290, fn. 2 (1980). For example, a party may meet the requirement of Civ.R. 36(B) "simply by contesting the truth of the Civ.R. 36(A) admissions for summary-judgment purposes." *Id.*, citing *Balson* at 290, fn. 2. Further, Civ.R. 36(B) does not require a movant to demonstrate compelling circumstances for failing to timely respond to requests for admissions in order to have the admissions withdrawn. *Columbus State Community College v. Chanthunya*, 2025-Ohio-4967, ¶ 17 (2d Dist.). Stated simply, "the only requirements are that the withdrawal aid in reaching the merits and that the non-moving party is not prejudiced by the withdrawal or amendment." *Crespo v. Harvey*, 2014-Ohio-1755, ¶ 21 (2d Dist.). This rule reflects the "importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to [her] prejudice." *Cleveland Trust Co.* at 67; *see also Perotti v. Ferguson*, 7 Ohio St.3d 1, 3 (1983) (it is a "basic tenet of Ohio jurisprudence that cases should be decided on their merits"). But if the non-moving party shows prejudice, the trial court must weigh any "compelling" circumstances that led to the failure to respond to the request for admissions. (Further quotation marks deleted and citations omitted.) *Drouhard v. Thompson*, 2025-Ohio-5006, ¶ 19 (5th Dist.).

{¶ 14} A decision on a Civ.R. 60(B) motion rests in the trial court's sound discretion. *Harris v. Anderson*, 2006-Ohio-1934, ¶ 7. Likewise, the decision to permit the withdrawal or amendment of an admission under Civ.R. 36(B) rests in the trial court's sound discretion. *Small*, 2025-Ohio-184, at ¶ 19 (10th Dist.). Therefore, an appellate court will not reverse a ruling on a motion under either Civ.R. 36(B) or Civ.R. 60(B) absent an abuse of discretion. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218 (1983).

{¶ 15} Here, there is no dispute that Lane's Civ.R. 60(B) motion was timely, as it was filed five weeks after the trial court granted summary judgment in favor of Walther. Nor can there be a reasonable dispute that Lane has a meritorious defense or claim to present if relief is granted. As to this issue, we note that a movant under Civ.R. 60(B) need not prove that he or she will prevail on an alleged meritorious defense or claim in order to succeed on the motion, but the movant "must allege operative facts with enough specificity to allow the trial court to decide whether he or she has met that test." (Emphasis omitted.) (Further quotation marks deleted and citations omitted.) *Starner v. Merchants Holding, L.L.C.*, 2018-Ohio-1165, ¶ 20 (10th Dist.). Walther's claim against Lane was for forcible entry and detainer. The purpose of such an action is to regain possession of property. *Ori Group, L.L.C. v. Nicols*, 2025-Ohio-5222, ¶ 41 (8th Dist.). In support of his claim, Walther alleged that he, as trustee of the Phillip M. Walther Trust, holds title to the Property, and that Lane, with only month-to-month tenancy rights, refused to vacate the Property after receiving proper notice. But, in Lane's motion to vacate, she alleged that, under the amended terms of the trust, she is the beneficial owner, with possessory rights, of the Property for the remainder of her life, and her family has a reversionary interest in the Property. A "trust" is defined as "the right, enforceable in equity, to the beneficial enjoyment of property, the legal title to which is in another." (Further quotation marks deleted and citation omitted.) *In re Guardianship of Lombardo*, 1999-Ohio-132, ¶ 14. The beneficiary under a trust is said to have the equitable interest in the trust, whereas the trustee has the legal interest. Restatement of the Law 2d, Trusts, § 2, Comment f (1959). "An 'equitable owner' is one who is recognized in equity as the owner of the property, because the real and beneficial use and title [all] belong to him, although the bare legal title is invested in another." *Levin v. Carney*, 161 Ohio St. 513, 518 (1954). Thus, Lane asserted

a meritorious defense to the eviction action by alleging an equitable ownership interest (including possession) in the Property for the remainder of her life.

{¶ 16} The remaining issue is whether Lane demonstrated that she was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). She requested relief under Civ.R. 60(B)(1), (3), and (5). For the following reasons, we find the record established her clear entitlement to relief under Civ.R. 60(B)(5) ("Any other reason justifying relief from the judgment."). *See Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66 (1983) ("Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment.").

{¶ 17} The circumstances justifying Lane's relief from the trial court's award of summary judgment in favor of Walther are intertwined with her request to withdraw the deemed admissions to matters pursuant to Civ.R. 36(B). The deemed admissions formed the basis of the trial court's granting of summary judgment in favor of Walther. In requesting summary judgment, Walther asserted that, based on the deemed admissions, no genuine issue of material fact existed as to the pending claims and counterclaims. The trial court agreed and granted summary judgment in favor of Walther. In the absence of the deemed admissions, Walther's asserted bases for summary judgment would not exist. Additionally, the admissions themselves contain numerous substantive inconsistencies with each other and with certain other Walther assertions in this action concerning the nature of Lane's interest in the Property.

{¶ 18} Walther's requests for admissions include the following:

Request for Admission No. 2:

Admit that you agreed with the Property being placed in the Phillip M. Walther Trust.

. . .

Request for Admission No. 3:

Admit that Plaintiff did place the Property in a trust called the Phillip M. Walther Trust.

. . .

Request for Admission No. 4:

Admit that after the Property was placed in the Phillip M. Walther Trust, You continued to reside at the Property.

. . .

Request for Admission No. 5:

Admit that when the Property was placed in the Phillip M. Walther Trust you were not the title owner of the property.

. . .

Request for Admission No. 6:

Admit that Plaintiff has never resided at the Property.

. . .

Request for Admission No. 7:

Admit that under the Trust, Plaintiff was and is currently the landlord over the Property.

. . .

Request for Admission No. 8:

Admit that as of the date of these Admissions, the Property is vacant.

. . .

Request for Admission No. 9:

Admit that at the time of the eviction filing, no one was residing at the Property.

. . .

Request for Admission No. 10:

Admit that on or about January 18, 2023, You received a thirty (30) day notice of termination of your tenancy at the Property.

. . .

Request for Admission No. 11:

Admit that on or about March 1, 2023, You received a statutory notice mandating you leave the Property.

. . .

Request for Admission No. 12:

Admit that since 2011, Plaintiff has done many renovations and repairs (including, but not limited to purchasing new appliances, substantial driveway repairs, repairing the exterior stucco) on the Property at his own cost.

. . .

Request for Admission No. 13:

Admit that since 2011, Plaintiff has provided routine maintenance for the Property at his own cost.

. . .

Request for Admission No. 14:

Admit that since 2011, any Real Estate taxes on the Property that have been paid were paid by Plaintiff at his own cost.

. . .

Request for Admission No. 18:

Admit that since 2011, you have not paid any sums to the trust related to the Property.

. . .

Request for Admission No. 19:

Admit that you currently have access to and have the ability to enter the Property.

. . .

Request for Admission No. 20:

Admit that You and the Property both received a benefit [from] Plaintiff's work and payments related to the Property.

. . .

Request for Admission No. 21:

Admit that You have not paid Plaintiff for the work and payments he has made related to the Property and the Property's Real Estate tax.

. . .

Request for Admission No. 22:

Admit that You have been unjustly enriched by Plaintiff's work and payments related to the Property and the Property's Real Estate tax.

. . .

Request for Admission No. 23:

Admit that the township zoning inspector (or a similar authority) has reached out to You about items on the Property that need to be repaired, maintained, and fixed.

. . .

Request for Admission No. 24:

Admit that You have not performed any of the repairs or maintenance requested by township zoning inspector (or a similar authority) related to the Property.

. . .

Request for Admission No. 25:

Admit that Plaintiff has performed many of the repairs and maintenance requested by the township zoning inspector (or a similar authority) related to the Property.

. . .

Request for Admission No. 26:

Admit that You have let the Property fall into disrepair.

. . .

Request for Admission No. 27:

Admit that the Property's state of disrepair has rendered the Property uninhabitable.

. . .

Request for Admission No. 28:

Admit that You do not reside at the Property, due to its state of disrepair.

. . .

Request for Admission No. 29:

Admit that You owe Plaintiff an excess of fifteen thousand and 00/100 dollars ($15,000.00) for repairs, maintenance, and Real Estate taxes related to the Property.

. . .

Request for Admission No. 30:

Admit that the only way You will be able to reimburse Plaintiff for costs related to the Property is through funds from potential sale of Property.

. . .

(Reqs. for Admis., Ex. C at 5-10.)

{¶ 19} The facts established by the pleadings and deemed admissions are seemingly inconsistent, if not contradictory, on the central issue disputed—whether Lane had a month-to-month tenancy or beneficial ownership interest in the Property. The deemed admissions established that the Phillip M. Walther Trust was created, and the Property was placed in that trust. As to the issue of the Property being placed in a trust for Lane's benefit, Walther, in answering Lane's counterclaim, admitted to her allegation that a concern for both Lane and Walther "was to provide for the ongoing care of Lane's disable[d] daughter. . . . Lane and Walther discussed and agreed to create a trust for the benefit of Lane and [her daughter] that would provide the Subject Property as a permanent residence for both Lane and [her daughter] throughout the remainder of Lane's life, and also for [the daughter] throughout the remainder of [the daughter's] life." (Apr. 18, 2023 Answer & Countercl. at 4.) Despite this pleading admission, a deemed admission identifies Walther as the

"landlord" of the Property. Even so, other deemed admissions indicate that Lane was required to reimburse Walther for expenses normally borne by a property owner or trustee (as the fiduciary under a trust), such as property taxes and general property repairs. And another deemed admission seems to establish that Lane would have a claim to the proceeds from a sale of the Property (which, according to Walther, should be used to reimburse him for his expenses relating to the Property). Thus, even though Walther's eviction claim was premised on there being a month-to-month tenancy, deemed admissions (written and requested by Walther) indicated that Lane has an ownership interest in the Property.

{¶ 20} In addition to these inconsistencies or contradictions, other aspects of the deemed admissions conflict with Walther's assertions and acknowledgments in other filings, including in this appeal. Even though Walther requested that Lane admit that "no one was residing at" the Property when the action was initiated, Walther's complaint alleged that Lane refuses to leave and "continues to occupy" the Property despite being given notice of termination of an alleged month-to-month tenancy. Moreover, despite alleging that Lane has failed to vacate the Property as a month-to-month tenant, Walther's appellate brief states that he and Lane had a romantic relationship, and "[a]s part of that relationship," he "permitted" Lane to reside at the Property. (Appellee's brief at 8.) "[A]fter their romantic relationship ended, [he] still let [Lane] reside there for free." *Id.* He further states that Lane "lived there rent free and relied on [him] to maintain its upkeep and pay the real estate taxes and various utilities." *Id.* In sum, this case contains peculiarities and inconsistencies that necessitate further development and resolution prior to Lane being evicted from a property in which she may, in fact, have a beneficial ownership interest (a fact reflected in multiple deemed admissions).

{¶ 21} Under these circumstances, Lane demonstrated her entitlement to relief under Civ.R. 60(B)(5). Relief from judgment was justified because the trial court's granting of summary judgment in favor of Walther was solely based on the deemed admissions, admissions that should be withdrawn. There can be no reasonable dispute that the withdrawal of the deemed admissions would facilitate the resolution of the actual merits of the claims in this dispute. Additionally, Walther has not shown that he would be prejudiced by a withdrawal of the deemed admissions, as nothing in the record indicates that it will be more difficult for Walther to prove his case against Lane than it otherwise would have been

if Lane had timely responded to the admissions requests. Thus, the requirements of Civ.R. 36(B) were established. Lastly, not only did Lane meet the requirements of Civ.R. 36(B), the deemed admissions themselves contain substantive internal inconsistencies and inconsistencies with other Walther assertions relating to the central issue in dispute—whether Lane has a beneficial ownership interest in the Property. Significantly, some of these admissions and assertions support Lane's claim that she has a beneficial ownership interest in the Property. Considering these unique circumstances, justice requires Lane's relief from judgment. On remand, the trial court must vacate its award of summary judgment in favor of Walther and grant Lane's request to withdraw the deemed admissions.

{¶ 22} For these reasons, we sustain Lane's first and second assignments of error.

## IV. Disposition

{¶ 23} Lane's motion to strike Walther's notice of supplemental authority is denied. Additionally, having sustained Lane's two assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court with instructions to vacate its award of summary judgment in favor of Walther and to grant Lane's request to withdraw the deemed admissions, and for further proceedings consistent with law and this decision.

*Motion to strike denied*;
*judgment reversed*;
*cause remanded with instructions.*

BOGGS, P.J., and JAMISON, J., concur.

———————————